IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL HATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1948 |
| | § | |
| HARRIS COUNTY JAIL, HARRIS | § | |
| COUNTY SHERIFF'S DEPARTMENT, | § | |
| and HARRIS COUNTY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Rachel Hatton sued the Harris County Jail, the Harris County Sheriff's Department, and Harris County, alleging that a female guard assaulted her while she was incarcerated at the Harris County Jail. Harris County removed to federal court. (Docket Entry No. 1). The Harris County Sheriff's Department moved to dismiss the claims against it because it is not a separate legal entity from Harris County and because it lacks the legal capacity to be sued. (Docket Entry No. 3). Hatton did not respond.

"The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting [1991 version of FED. R. CIV. P. 17(b), restyled in 2007]). To sue a city or county department, "it must 'enjoy a separate legal existence.'" *Id.* (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). "In Texas, a county sheriff's department is not a legal entity capable of being sued, 'absent express action by the superior corporation (the county, in the case of the sheriff's department) to grant the servient agency with jural authority.'" *Hudson v. Harris Cty.*

*Sheriff's Dep't*, No. H-05-3704, 2005 U.S. Dist. LEXIS 40480, at *4 (S.D. Tex. Dec. 7, 2005) (quoting *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996)). "Courts in this district have repeatedly recognized that the Harris County Sheriff's Department is an entity that lacks legal capacity to be sued." *Id.* (citing *Potts v. Crosby Indep. Sch. Dist.*, No. H-04-2852, 2005 U.S. Dist. LEXIS 41087 (S.D. Tex. June 28, 2005), *aff'd*, 210 F. App'x 342 (5th Cir. 2006); *Perez v. Harris Cty. District Attorney's Office*, No. H-02-3226 (S.D. Tex. Oct. 2, 2002); *Okafor v. Houston Police Department, et al.*, No. H-99-1994 (S.D. Tex. Dec. 26, 2000)); *see also Bibb v. Montgomery Cty. Sheriff*, No. H-13-3736, 2014 U.S. Dist. LEXIS 106134, at *23 (S.D. Tex. July 30, 2014) (granting the Harris County Sheriff's Department's motion to dismiss because it lacked the capacity to be sued); *Aguirre v. Harris Cty. Sheriff's Office*, No. H:11-3440, 2012 U.S. Dist. LEXIS 170184, at *5 (S.D. Tex. Nov. 30, 2012); *Lawson v. Harris Cty. Sheriff's Dep't*, No. 10-1272, 2012 U.S. Dist. LEXIS 8300, at *2–3 (S.D. Tex. Jan. 13, 2012); *Wilson v. Thomas*, No. H-07-1140, 2008 U.S. Dist. LEXIS 47362, at *40 n.9 (S.D. Tex. June 18, 2008).

The Harris County Sheriff's Department lacks the capacity to be sued. The motion to dismiss the claims against the Sheriff's Department, (Docket Entry No. 3), is granted, with prejudice and without leave to amend because amendment would be futile.

SIGNED on July 24, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge