United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL HATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1948 |
| | § | |
| HARRIS COUNTY JAIL, HARRIS | § | |
| COUNTY SHERIFF'S DEPARTMENT, | § | |
| and HARRIS COUNTY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Rachel Hatton sued the Harris County Jail, the Harris County Sheriff's Department, and Harris County, alleging that a guard assaulted her while she was incarcerated at the Harris County Jail in May 2016. Harris County removed to federal court. (Docket Entry No. 1). In July 2018, this court granted the Harris County Sheriff's Department's motion to dismiss the claims against it with prejudice. (Docket Entry Nos. 3, 5). The remaining defendants move for summary judgment. (Docket Entry No. 13). Although Hatton responded late and without asking for leave to file a late response, the court still considers her response in its analysis. (Docket Entry No. 15).

Based on the pleadings; the motion and response; the record; and the applicable law, the court grants the defendants' motion for summary judgment. (Docket Entry No. 13). Final judgment is separately entered. The reasons are explained below.

**I.     Background**

On May 6, 2016, Hatton was arrested and taken to the Harris County Jail. (Docket Entry No. 14-1 at 1). An inmate offense report filed the next day by Officer C. Busby states that around 1:45

1

a.m. on May 7, Hatton had a seizure while walking into a holding cell. (Docket Entry No. 14 at 1). The report states that Hatton struck "the holding cell door and then . . . the floor." (*Id.*). Busby states that she went to the clinic to alert medical staff, who then took Hatton to the clinic for evaluation. (*Id.*). The report explains that Hatton was then transported to St. Joseph Hospital for further treatment. (*Id.*). Hatton received scalp sutures at the hospital and signed a waiver to leave the hospital against medical advice. (Docket Entry No. 14-1 at 16, 21–22). Hatton returned to the Harris County Jail, where she received a mental health evaluation and other medical care. (*Id.* at 26–27, 32, 34).

Hatton alleges a different version of events in her complaint. She alleges that while she was going back to her cell on May 7, a female guard charged and punched her. (Docket Entry No. 1-2 at 5). Hatton alleges that she passed out from the attack, woke up in the jail's clinic, was given pills for her injuries, and was returned to her cell. (*Id.*). After she was released on bail, she discovered stitches in her head, cuts on her head and face, bruises on her body, and a black eye. (*Id.* at 6).

Hatton claims that the defendants are liable for assault and battery and under 42 U.S.C. § 1983 for Officer Busby's alleged use of excessive force. (*Id.* at 6–7). She asserts that the defendants have waived sovereign immunity under the Texas Tort Claims Act. (*Id.*). The defendants, Harris County Jail and Harris County, move for summary judgment.

## II. The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving

party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific

3

evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

**III. Analysis**

**A. The Summary Judgment Evidence**

Harris County attaches to its summary judgment motion the following records from the Harris County Sheriff's Office:

- an inmate offense report dated May 7, 2016, describing the events leading up to and following Hatton's injuries;

- records of Hatton's booking in the Harris County Jail;

- the Harris County Jail's medical records related to the May 2016 incident;

- the Harris County Sheriff's Department policy on the use of force; and

- the Harris County Sheriff's Department policy on procedures for use-of-force incidents inside detention centers.

(Docket Entry Nos. 13-1, 14, 14-1). The County also submitted Hatton's criminal record. (Docket Entry No. 13-2).

Hatton attaches as summary judgment evidence photographs dated May 10, 2016, of her face showing bruises, and her declaration she signed describing the incident. (Docket Entry Nos. 15-2, 15-3).

**B. Harris County Jail Cannot Be Sued as a Matter of Law**

Harris County argues that the court should grant summary judgment dismissing the claims against the Harris County Jail because it is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting the 1991 version of FED. R. CIV. P. 17(b), restyled in 2007). The city or county department sued "must 'enjoy a separate legal existence.'" *Id.* (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Under Texas law, a county jail is not a separate legal entity capable of being sued. *Patterson v. Harris Cty. Jail*, No. H-09-1516, 2009 WL 10705736, at *3 (S.D. Tex. May 29, 2009) ("As a division within the Harris County Sheriff's Department, the Harris County Jail does not qualify as an entity with capacity under the rules because it cannot sue or be sued."); *see also Darby*, 939 F.2d at 313–14.

Harris County Jail lacks the capacity to be sued. Summary judgment is entered for the Harris County Jail.

### C. Hatton's State-Law Claims

Harris County argues that it is entitled to summary judgment based on sovereign immunity against Hatton's state-law claims for assault and battery. (Docket Entry No. 13 at 5–8). A governmental entity cannot be held liable in tort for the actions of its employees unless its sovereign immunity has been waived. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). Clear and unambiguous language is necessary to show a waiver. *See Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). The parties agree that Harris County is a governmental entity to which sovereign immunity applies unless waived. (Docket Entry No. 13 at 6–7; Docket Entry No. 15 at 3).

Hatton argues that Harris County has waived sovereign immunity under the Texas Tort

Claims Act. (Docket Entry No. 15 at 3). The Act waives sovereign immunity in limited circumstances. *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). Under state law, a governmental unit may be liable for an employee's negligence under *respondeat superior* if immunity is waived. *See id.* The Act provides that:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. Counties, as political subdivisions of the State of Texas, are within the Act. *See Forgan v. Howard Cty.*, 494 F.3d 518, 520 (5th Cir. 2007). For the County to be held liable for the acts of an employee under the Act, the claim must arise under one of three specific areas of liability and may not fall within an exception to the waiver. *See Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex. App.—Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex. 1995). "The determination of a governmental entity's negligence will be made only after a claimant has cleared these two statutory hurdles." *Id.* at 155.

The Act does not waive immunity for intentional torts. *See Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 946 (5th Cir. 2003) (en banc); *Riggs v. City of Pearland*, 177 F.R.D. 395, 405 (S.D. Tex. 1997); *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1008–09 (E.D. Tex. 1997). The Act states:

> This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM. CODE § 101.057. "This provision shields municipalities from suits arising out of intentional torts committed by governmental employees and should be liberally construed to accomplish this objective." *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994) (citation omitted). If the essence of a Texas Tort Claims Act claim arises from an intentional tort, allegations of negligence are insufficient to avoid the § 101.057 exception to liability. *See Callis v. Sellers*, 953 F. Supp. 793, 801 (S.D. Tex. 1996).

Hatton claims that Harris County is liable for Officer Busby's alleged assault and battery. (Docket Entry No. 1-2 at 6–7). The Act is clear that governmental entities do not waive sovereign immunity for "assualt[ and] battery." The court grants summary judgment to the defendants on this claim.

### D. Hatton's § 1983 Claims for Excessive Force

Hatton alleges that Officer Busby "was operating under the color state law" during the May 2016 incident and that her "actions against Mrs. Hatton constituted unjustified and excessive force." (*Id.* at 7). Hatton alleges that the City is liable for Officer Busby's actions under 42 U.S. § 1983.[1]

#### 1. Municipal Liability Under 42 U.S.C. § 1983

To hold Harris County liable for Officer Busby's alleged actions, Hatton must show an underlying claim of a violation of rights and three additional elements: "a policymaker; an official

---

[1] Hatton also alleges that Harris Count is liable under a *respondeat superior* theory . (Docket Entry No. 1-2 at 8). "Municipal liability cannot be sustained under a theory of *respondeat superior*." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). To the extent that Hatton bases her § 1983 claim on a *respondeat superior* theory, it fails, and the court grants summary judgment to the defendants on that ground.

7

policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). For the County to be liable based on an unconstitutional policy, practice, or custom, "the plaintiff must show, among other things, either (1) that the policy *itself* violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers 'with deliberate indifference as to its known or obvious consequences.'" *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (emphasis in original) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997)). "A showing of simple or even heightened negligence will not suffice." *Bryan Cty.*, 520 U.S. at 407.

An "official policy" is a policy statement, ordinance, or regulation that has been officially adopted by a policymaker. *Johnson*, 379 F.3d at 309. A policy may also be a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy. *Id.*; *Bryan Cty.*, 520 U.S. at 403–04. "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

"[P]roof of a single instance of unconstitutional activity is [generally] not sufficient for § 1983 municipal liability." *Valentine Found. v. Uphoff*, 211 F. App'x 276, 278 (5th Cir. 2006) (citing *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)); *see also Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (proof of deliberate indifference "generally requires a showing 'of more than a single instance of the lack of training or supervision causing a

violation of constitutional rights'" (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2009))); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) ("proof of a single violent incident ordinarily is insufficient" for liability; the "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured'" (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554–55 (5th Cir. 1989)).

"Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation." *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009). "In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation." *Id.*

### 2. Excessive Force

Hatton alleges that Officer Busby "unjustifiably punch[ed], kick[ed]," and injured her, violating her Fourth, Eighth, and Fourteenth Amendment rights. (Docket Entry No. 1-2 at 7). The County argues that Hatton has not presented or identified evidence that could show a genuine factual dispute material to determining whether a constitutional injury occurred or that a County policy, practice, or custom caused the alleged constitutional injury. (Docket Entry No. 13 at 12–13). According to the County, the evidence instead shows that its official policies limit an officer's use of force and that Hatton was injured when she "lost consciousness and fell, hitting the holding cell door and then the floor." (*Id.*).

Hatton has not presented or identified summary judgment evidence supporting a reasonable inference that a County policy, practice, or custom was the moving force causing the alleged constitutional violation or injuries. Her summary judgment evidence includes photographs of her injuries allegedly taken after she left the Harris County Jail in May 2016 and her own declaration recounting the incident. (Docket Entry Nos. 15-2, 15-3). She does not provide or identify summary

9

judgment evidence of a Harris County written policy, a custom, or a pattern of prior similar incidents that could create a genuine factual dispute material to determining whether there was a County policy, practice or custom of attacking and injuring inmates. Hatton does not allege or argue that any Harris County policy, practice, or custom was the moving force behind the alleged attack or identify a policymaker, as required for municipal liability under § 1983. (*See* Docket Entry Nos. 1-2, 15).

Because Hatton has not offered or identified summary judgment evidence that identifies a policymaker, shows an official policy, or suggests that a Harris County policy or custom was the "moving force" behind the alleged violation of constitutional rights, Hatton has not shown genuine factual disputes material to determining whether Harris County is liable under § 1983. The court grants the defendants' motion for summary judgment on Hatton's § 1983 claim for excessive force.

**IV.    Conclusion**

This court grants the defendants' motion for summary judgment, (Docket Entry No. 13), and, by separate order, enters final judgment.

SIGNED on April 25, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge